CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

OCT 04 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| PAULINE ELIZABETH MALLARD,<br><br>*Plaintiff,*<br><br>v.<br><br>CHARLOTTESVILLE REDEVELOPMENT & HOUSING AUTHORITY,<br><br>and<br><br>PAUL CHEEDER,<br>Individually, and in his capacity as Director of the CRHA,<br><br>and<br><br>ANN ANDERSON,<br>Individually, and in her capacity as Director of the CRHA,<br><br>and<br><br>SARAH GREEN HOLLAND.<br><br>*Defendants.* | CIVIL ACTION NO. 3:04-CV-00091<br><br><br>OPINION AND ORDER<br><br><br><br>JUDGE NORMAN K. MOON |

The Court has before it Plaintiff's "Motion on Amended Complaint Extension of Time," filed June 7, 2005. In her motion, Plaintiff asserts that she has been hospitalized three times and asks for twenty additional days to finish and submit an amended complaint. Through inadvertence, Plaintiff's motion was overlooked until September 28, 2005.

Plaintiff commenced this action *pro se* on November 17, 2004. The same day, the Court issued an order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis*. Plaintiff's

120-day period to serve her complaint expired on March 17, 2005. In a letter dated May 26, 2005, the Clerk of this Court gave Plaintiff notice that the Court had no record that service had been executed and instructed Plaintiff:

> You have until June 15, 2005 to notify the Clerk of this Court that service has been accomplished on said defendant(s). Otherwise, the named defendant(s) will be dismissed from the suit without prejudice by Order of this Court.

To date, this Court has not dismissed any defendants from the suit, and Plaintiff has not submitted an amended complaint.

Fed. R. Civ. P. 15(a) allows a party to amend a complaint once as a matter of course before an answer is filed or by leave of court or by written consent of the adverse party. Rule 15(a) further provides that leave shall be freely given when justice so requires. However, Rule 15(a) must be read and reconciled with Fed. R. Civ. P. 4(m), which provides a 120-day limit on service of process, and Fed. R. Civ. P. 6(e)(2), which provides that any request for an extension of time to do an act required to be done by federal rules within a specified time that is made after the expiration of the specified time period must be made by motion. Rule 6(e)(2) further requires a showing of excusable neglect for failure to accomplish the act—here service of process—within the specified time, here 120 days.

Even if read liberally, Plaintiff's paper cannot be construed as a motion for enlargement of time to serve process, nor does it allege facts sufficient to show excusable neglect for failure to comply with Rule 4(m).

It is therefore ORDERED that Plaintiff's motion for leave to amend her complaint be DENIED. It is further ORDERED that this case be dismissed WITHOUT PREJUDICE.

The clerk of the court is directed to send a certified copy of this Order to all counsel of record.

It is so ORDERED.

ENTERED: *Norman K. Moon*
U.S. District Judge

October 4, 2005
Date